JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**18 MISC 320**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL CERTAIN SEARCH WARRANT APPLICATIONS AND RELATED JUDICIAL DOCUMENTS | Misc. Action No. _____ |

U.S. DISTRICT COURT
FILED
JUL 03 2018
S.D. OF N.Y.

## APPLICATION TO UNSEAL CERTAIN SEARCH WARRANT APPLICATIONS AND RELATED JUDICIAL DOCUMENTS

1. The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712, provides that a governmental entity may require an electronic communication service provider to disclose the contents of a wire or electronic communication, or a record of other information pertaining to a subscriber or customer, by "obtain[ing] a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a court of competent jurisdiction" (hereinafter, an "SCA Search Warrant"). 18 U.S.C. § 2703(a)–(c).

2. By this Application, the Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully petitions the Court for an Order directing the Clerk of the Court to, consistent with statutory, constitutional, and common law requirements, make public the dockets and docket entries reflecting all applications and related judicial documents filed with the Court concerning any SCA Search Warrant sought in 2017. In addition, the Reporters Committee seeks to unseal all applications and related judicial documents, including affidavits, for any SCA Search Warrant sought in 2017 in connection with any now-inactive criminal investigation.

## INTEREST OF THE APPLICANT

3. The Reporters Committee is an unincorporated nonprofit association. It was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide pro bono legal representation, *amicus curiae* support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

4. The Reporters Committee, and all members of the public and the press, have a strong interest in observing and understanding the consideration and disposition of matters by federal district courts. That interest is heightened in cases in which the federal government is a party.

5. The press and the public have a particularly powerful interest in obtaining access to court documents concerning judicial authorization for the use of law enforcement tools that allow the government to collect or otherwise obtain electronic communications and/or electronic communications records. Where the government obtains a search warrant allowing it to collect or obtain such information, judicial oversight and, in turn, public oversight of the judicial process, is necessary to guard against government overreach.

## BACKGROUND

6. As explained more fully in the accompanying Memorandum of Points and Authorities, it is well-settled that the press and the public have both a common law and First Amendment right of access to judicial documents. *Lugosch v. Pyramid Co. of Onomdaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). That presumptive right of access applies to search warrants—including search warrants sought pursuant to the Stored Communications Act ("SCA"), codified at 18 U.S.C. §§ 2701–2712—materials filed with the court in connection with search warrants, and court dockets reflecting those filings.

7. The SCA governs voluntary and compelled disclosure of stored wire and electronic communications and transactional records held by third-party electronic communication service or remote computing service providers. Sections 2703(a), (b), and (c) of the SCA provide a "governmental entity" with mechanisms to compel third-party providers to disclose contents of subscribers' communications, as well as records and other information related to subscribers. The SCA requires the government to obtain a warrant using the procedures described in Federal Rule of Criminal Procedure 41 in order to obtain the contents of certain types of wire and electronic communications, including, for example, the contents of e-mail communications, and it permits use of a warrant to obtain certain other subscriber records and information.[1]

8. Applications for SCA Search Warrants are routinely maintained under seal, even when the related investigation is no longer active, and they are generally not reflected on publicly available court dockets. The aggregate number of such applications made to the U.S. District Court for the Southern District of New York in 2017 appears to be unavailable to the public. Counsel for the Reporters Committee spoke by telephone with representatives in the Office of the Clerk of the Court on June 29, 2018, and was told that the representatives were unaware of whether that number is publicly available.

9. Because the public's constitutional and common law rights of access apply to court dockets and to SCA Search Warrant materials filed with the Court, to the extent that sealing or otherwise shielding such judicial documents from public view is necessary for some period of time to protect a compelling interest, such sealing must be no broader than necessary to serve that interest, and be supported by specific, on the record findings.

---

[1] The SCA also provides other mechanisms for the government to obtain electronic communications records held by third-party providers. *See, e.g.*, 18 U.S.C. § 2703(d). This Application, however, seeks access only to SCA Search Warrant-related dockets and materials.

3

## **REQUEST FOR RELIEF**

The Reporters Committee respectfully requests:

(1) an Order directing the Clerk of the Court to make public the dockets and docket entries reflecting all applications and other judicial documents filed with the U.S. District Court for the Southern District of New York concerning any SCA Search Warrant sought by a government entity from January 1, 2017, to December 31, 2017, inclusive;

(2) an Order directing the Clerk of the Court to unseal all applications and other judicial documents, including affidavits, filed with the U.S. District Court for the Southern District of New York concerning any SCA Search Warrant sought by a government entity from January 1, 2017, to December 31, 2017, inclusive, in connection with any now-inactive criminal investigation; and

(3) any further relief that the Court deems just and proper.

Dated: July 2, 2018

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel of Record for the Reporters
Committee for Freedom of the Press*
