UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS TO UNSEAL CERTAIN SEARCH WARRANT APPLICATIONS AND RELATED JUDICIAL DOCUMENTS | Misc. Action No. 1:18-MC-320-KPF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO AMEND ITS APPLICATION TO UNSEAL CERTAIN SEARCH WARRANT APPLICATIONS AND RELATED JUDICIAL DOCUMENTS UNDER RULE 15**

Pursuant to Federal Rule of Civil Procedure 15, the Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Petitioner") respectfully moves the Court for leave to file an Amended Application to Unseal Certain Search Warrant Applications and Related Judicial Documents ("Amended Application"). The U.S. Attorney's Office for the Southern District of New York ("USAO") takes no position on this motion to amend.

During recent meet-and-confer discussions between Petitioner and the USAO, the parties identified as a potential point of confusion Petitioner's use of the phrase "now-inactive criminal investigation" in its Application to Unseal Certain Search Warrant Applications and Related Judicial Documents (the "original Application"). *See* Application to Unseal Certain Search Warrant Applications and Related Judicial Documents ("Application") ¶ 2, July 3, 2018, ECF No. 1. One aspect of the relief sought in the original Application is the unsealing of "all applications and related judicial documents, including affidavits" for any search warrant sought pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712, in 2017 "in connection with any now-inactive criminal investigation." *Id*. Because the phrase "in connection with any now-inactive criminal investigation" relates to the scope of the unsealing

1

sought by Petitioner, confusion as to the meaning of that phrase, or how it should be interpreted, could unnecessarily complicate resolution of the legal issues presented. Accordingly, following additional meet-and-confer discussions with the USAO concerning a proposed amendment to the original Application, Petitioner respectfully seeks leave to file the Amended Application attached as Exhibit A to the supporting declaration of Katie Townsend filed concurrently herewith, in order to clarify the scope of the relief it seeks in the above-captioned matter.

I.      RELEVANT BACKGROUND

Petitioner filed its original Application on July 3, 2018, requesting (1) an order directing the Clerk of the Court to make public the dockets and docket entries reflecting all applications and other judicial documents filed with the U.S. District Court for the Southern District of New York concerning any SCA Search Warrant sought in 2017, and (2) an order unsealing all applications and related judicial documents, including affidavits, for any SCA Search Warrant sought in 2017 "in connection with any now-inactive criminal investigation." *Id*.

On July 16, 2018, the Court ordered service of the original Application and supporting memorandum of points and authorities on the Criminal Division of the USAO. The Court also ordered service of the same documents on the Office of the Federal Defenders of New York, inviting it to participate in this litigation if it so desired. On August 10, 2018, the Court scheduled an initial conference for September 25, 2018 and directed the parties to file a joint submission advising the Court of the parties' position on how this case should proceed. On August 26, 2018, the Office of the Federal Defenders of New York notified the Court that it would decline to participate in this litigation.

On August 31, 2018, with the USAO's consent, the Reporters Committee filed a motion to adjourn the initial conference scheduled for September 25, 2018 and the deadline to file a joint

submission, which the Court granted on the same day.  The initial conference was rescheduled to October 2, 2018, and the joint submission deadline was extended to September 26, 2018.

On September 18, 2018, with the Reporters Committee's consent, the USAO filed a motion for extension of time to file a joint letter and adjournment of the initial conference, which the Court granted on the same day.  The initial conference was rescheduled to November 2, 2018, and the joint submission deadline was extended to October 25, 2018.

On October 24, 2018, the parties jointly filed a motion for extension of time to file a joint letter and adjournment of the initial conference.  The parties requested until January 18, 2019 to meet and confer in an attempt to resolve or narrow the issues presented, and to update the Court of their progress.  On the same day, the Court granted the parties' motion for extension of time to file a joint letter to January 18, 2018 and adjourned the initial conference *sine die*.

Since October 24, 2018, Petitioner and the USAO have met and conferred by phone on at least two occasions, and in person on December 13, 2018.  During the course of those meet-and-confer discussions, it became clear that the parties had differing views as to how the phrase "now-inactive criminal investigation" in the original Application—which relates to the scope of the unsealing sought by Petitioner—should be interpreted.  Townsend Decl. ¶ 6.

To avoid any confusion as to the scope of the relief sought by Petitioner in this matter, during a telephonic meet-and-confer discussion on November 29, 2018, counsel for Petitioner proposed amending the original Application to clarify the relief sought and eliminate use of the phrase "now-inactive criminal investigation."  *Id*. ¶ 7.  Following additional meet-and-confer discussions with the USAO, Petitioner now seeks leave to file an Amended Application; the USAO takes no position on this motion to amend.  *See id*. ¶¶ 8–11.

## II.     THE PROPOSED AMENDED APPLICATION

As stated above, one aspect of the relief sought in the original Application is the unsealing of "all applications and related judicial documents, including affidavits" for any SCA Search Warrant sought in 2017 "in connection with any now-inactive criminal investigation." Application ¶ 2 and Request for Relief.  The proposed Amended Application replaces "now-inactive criminal investigation," with the following: "any criminal investigation (1) which has resulted in the filing of a charging document that is publicly available, or (2) for which the U.S. Attorney's Office has determined it will not bring charges."  The proposed Amended Application is attached as Exhibit A to the supporting Townsend Declaration.

**III.   LEGAL STANDARD AND ARGUMENT**

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1). The opposing party's written consent or the court's leave is required in all other circumstances. Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *Alfadda v. Fenn*, No. 89-cv-6217 (LMM), 1993 WL 307757, at *1 (S.D.N.Y. Aug. 6, 1993) (quoting *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993)); *see also Michalek v. Amplify Sports & Entm't LLC*, No. 11-cv-508 (PGG), 2012 WL 2357414, at *2 (S.D.N.Y. June 20, 2012) (citing cases).

Since it has been more than 21 days since service of Petitioner's original Application, Petitioner seeks the Court's leave to file the Amended Application under Rule 15(a)(2).  The Court should grant Petitioner leave to file the Amended Application because there is no prejudice to the USAO, or bad faith on the part of Petitioner.

4

First, the USAO will suffer no prejudice from the proposed Amended Application because this case is still in the early stages of litigation.  Though the parties have met and conferred several times, they have not yet appeared before the Court for an initial conference.  Further, no scheduling order has been entered, and no briefing schedule has been set.  Indeed, the USAO has stated that it takes no position on Petitioner's motion to amend.

Second, Petitioner makes this motion in good faith to avoid unnecessary confusion as to the scope of the relief sought by Petitioner.  During meet-and-confer discussions, the parties discovered that they had conflicting understandings of the universe of matters that would be encompassed by the phrase "now-inactive criminal investigation," as it is used in Petitioner's original Application.  *See* Townsend Decl. ¶ 6.  The clarification as to the scope of the relief sought by Petitioner provided by the proposed amendment will eliminate any confusion, and help to facilitate efficient resolution of the legal issues presented.

### IV.  CONCLUSION

For these reasons, Petitioner respectfully requests that the Court grant Petitioner leave to file the Amended Application submitted concurrently herewith.

Dated:  December 21, 2018                           Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel of Record for the Reporters Committee for Freedom of the Press*

5